James Rowland, Jr., by his next friend and father, James Rowland, Appellant, *v.* John Wanamaker, Thomas B. Wanamaker, Robert C. Ogden and L. Rodman Wanamaker, trading as John Wanamaker.

*Negligence—Bicycles—Collision with wagon.*

In an action by a bicycle rider against the owner of a wagon to recover damages for personal injuries caused by a collision with the wagon, the court commits no error in giving binding instructions for defendants where the evidence for the plaintiff shows that at the time of the accident the plaintiff was riding down a steep hill, with a sharp turn in the road which prevented him from seeing the wagon coming up the hill, and that at the point in the road where the collision occurred there was sufficient room for the bicycle to pass to the right or to the left of the wagon.

Argued Jan. 13, 1899. Appeal, No. 190, Jan. T., 1898, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T.,

1896, No. 1112, on verdict for defendants. Before Ster-
rett, C. J., Williams, McCollum, Mitchell, Dean and
Fell, JJ. Affirmed.

Trespass for personal injuries. Before Arnold, P. J.

At the trial it appeared that the plaintiff, a boy sixteen years
old, while riding a bicycle on June 19, 1896, was injured by a
collision with one of defendants' wagons. The evidence re-
lating to the accident is fully stated in the opinion of the
Supreme Court.

The court charged as follows:

This is a case for binding instructions. In my judgment this
is a case for a verdict for the defendants. There is no evidence
of negligence on the part of the defendants. It is the old law
of the road over again. It is not any kind of bicycle law; it
is the law of the road. It is the duty of the driver of a light
vehicle to turn out of the way of a heavier and more unwieldy
vehicle, and to keep his bicycle under such control that he can
turn out. If the collision is accidental, resulting from his in-
ability to manage or control it, he is without remedy. The case
is a case of accident only, and he cannot recover damages from
the other party.

Verdict and judgment for defendants. Plaintiff appealed.

*Error assigned* was the charge of the court, quoting it.

*S. Edwin Megargee*, with him *Charles H. Pile*, for appel-
lant.—The question of negligence in the case was entirely for
the jury: Bolton v. Colder, 1 Watts, 360; McGrew v. Stone,
53 Pa. 442; Schmidt v. McGill, 120 Pa. 405; Wrinn v. Jones,
111 Mass. 360; Schimpf v. Sliter, 64 Hun, 463; Cruden v.
Fentham, 2 Espinasse, 685; Chaplin v. Hawes, 3 Car. & P.
554; Fisher v. Ry. Co., 131 Pa. 292; Bucklin v. Davidson, 155
Pa. 366; Pass. Ry. Co. v. Foxley, 107 Pa. 537; Woeckner v.
Motor Co., 176 Pa. 451.

*Hampton L. Carson*, of *Jones, Carson & Beeber*, for appellee.—
Where the evidence is not sufficient to satisfy the judge's mind
that the finding of negligence by the jury would be a reason-

able one, he should not allow a verdict to stand, or should direct a verdict for the defendant, as in this case: Philadelphia & Reading R. R. Co. v. Hummell, 44 Pa. 375; Phila. City Pass. Ry. Co. v. Hassard, 75 Pa. 367; Goshorn v. Smith, 92 Pa. 435.

The law of the road, when applied to the facts of this case, sustains the instructions of the trial judge: Act of April 23, 1889, P. L. 44; Grier v. Sampson, 27 Pa. 183; Bolton v. Colder, 1 Watts, 360; Worrilow v. Upper Chichester Twp., 149 Pa. 40; Bitting v. Maxatawny, 177 Pa. 213; Com. v. Dooley, 19 Pa. C. C. R. 367; Pluckwell v. Wilson, 5 Car. & P. 375; Walkup v. May, 36 N. E. Rep. 917; Lloyd v. Ogleby, 5 C. B. N. S. 667.

OPINION BY MR. JUSTICE McCOLLUM, December 30, 1899:

This suit was instituted for the recovery of damages for personal injuries caused by a collision with one of the defendants' delivery wagons. On the day of the accident plaintiff and a school girl acquaintance were riding on their bicycles on the road leading from Ashbourne to Cheltenham, a short distance north of the city of Philadelphia. Not quite half way down a hill on this road is a sudden bend in the road which obstructs the view of travelers approaching from either direction. The curve was dangerous also from the fact that the grade was steep. Several other bicycle riders on different occasions, in riding rapidly down this hill, had been unable to turn on reaching this point and had ridden over the wall on the further side of the road. Plaintiff testified that he knew of this danger, and was accordingly riding slowly and backpedaling. He testified as follows with regard to the accident: "The gear on my wheel was larger than the one on hers, so that I got to the top of the hill first. When I got down to this turn I just had a glimpse of the horses and I did not know anything after that. 'Q. What side of the road were you on? A. The right side, my right-hand side.'" His companion testified as follows: "I was going down and using my brake when I heard some sort of a commotion and men calling, and I got there just in time to see him falling, it seemed under the horses' feet and near the wheel of the wagon. I rode down on the right-hand side and when I got there he was right in front of me. 'Q. Where was the

wagon? A. The right wheels were about in the center of the road and the left front wheel of the wagon was right at his body.'"

None of the plaintiff's other witnesses saw the accident, but several of them were in the vicinity of it and reached the place soon after it occurred. Neither their testimony nor that of the plaintiff or his companion, considered separately or combined, established negligence on the part of the defendants or furnished ground for an inference of it. This is the conclusion reached by the learned court below, and in it we concur. The concurrence is the result of a careful reading and consideration of all the testimony presented by the plaintiff. If the defendant had moved for a nonsuit at the close of the plaintiff's evidence in chief it would have been the plain duty of the court to grant it. No motion for a nonsuit having been made the testimony on the part of the defendants was presented, and at the conclusion of it it was followed by the testimony of the plaintiff in rebuttal. The testimony of the four witnesses called by the defendants showed that the plaintiff on nearing the curve turned from the right-hand side across the road to the left-hand side where he came in contact with the horses and wagon then ascending the hill. It was not controverted in rebuttal. It is not, however, a matter of vital importance to determine at what point in the road the horses and wagon were at the time of the collision. There was sufficient room for the bicycle to pass to the left or to the right of the team. The evidence clearly established this fact, and did not admit of a different conclusion. The testimony of the plaintiff's companion in the ride towards Cheltenham was alone sufficient to sustain it.

There is no evidence in the case on which to base a charge of negligence against the defendants or their driver. The question whether the plaintiff was properly chargeable with negligence need not, therefore, be determined.

Judgment affirmed.