## McNeil v. Fike

*James F. Proud,* for plaintiffs.
*Bruce A. Irvine,* for defendant.

PRESCOTT, *J.,* January 23, 1980—The matter presently before this court for consideration is a motion for new trial filed by plaintiffs.

The issues raised by the aforesaid motion are:

1. Whether or not the verdict in favor of the defendant was against the weight of the evidence;

2. Whether or not the trial judge erred in instructing the jury that the operator of a bicycle was subject to the same duties applicable to the operator of a motor vehicle;

3. Whether or not the trial judge erred in instructing the jury that if the operator of a bicycle goes through a stop sign, it may be considered negligence as a matter of law.

This opinion is written in disposition of the said motion for new trial.

The instant case arose under the Pennsylvania Comparative Negligence Act, 42 Pa.C.S.A. §7102. In its verdict, the jury determined that the percentage of causal negligence attributable to defendant was 30 percent, but the percentage of causal negligence attributable to plaintiff was 70 percent. Respective counsel agreed that the court should mold the verdict and, accordingly, the court entered a verdict in favor of defendant and against plaintiffs.

The incident which gave rise to the cause of action before the court occurred on April 9, 1977. On that date, minor-plaintiff, Charles J. McNeil, Jr. (age 15 at the time), was operating a bicycle on Darlington Road near its intersection with Valley Road, Middletown Township, Delaware County, Pa. Defendant was operating his motor vehicle on Valley Road. Darlington Road was controlled by a stop sign.

On the day in question, minor-plaintiff and his friend, Charles Eppeheimer, Jr., were riding separate bikes. Eppeheimer was ahead of minor-plaintiff by about 20 yards. Eppeheimer crossed the said intersection without stopping. Defendant viewed the Eppeheimer boy crossing the intersec-

tion, the direction of travel being from defendant's right to left. As defendant was in the intersection, minor-plaintiff also entered the intersection without having stopped at the stop sign. A collision occurred in the center of the intersection between the front of minor-plaintiff's bicycle and the right side of defendant's motor vehicle.

The first issue raised by the motion for new trial is whether or not the verdict of the jury was against the weight of the evidence.

This court is at somewhat of a disadvantage in deciding this issue, as the trial notes of testimony were not requested to be transcribed by either party, nor was this court ever requested to order said transcription. As a result, the exact facts and circumstances concerning the subject accident are not set forth in detail. However, this court recollects that there was an abundance of evidence which would support a verdict in favor of defendant and the conscience of the trial court was not shocked by the jury's determination that the causal negligence of minor-plaintiff was more than double the causal negligence attributable to defendant. Therefore, this court finds no merit in the first issue raised by plaintiffs and the same is dismissed.

The second issue raised by plaintiffs is whether the trial judge erred in instructing the jury that the operator of a bicycle was subject to the same duties applicable to the operator of a motor vehicle. It is the contention of plaintiffs that at the time of the subject accident, the operator of a bicycle was not under such an obligation. This court does not agree with the position taken by plaintiffs.

A bicycle was deemed a "vehicle" under The Vehicle Code then in effect so far as its operation upon the highways was concerned.

Under section 102 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §102, a vehicle was defined as follows:

"Any device in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting tractors, agricultural machinery, devices moved by human power or used exclusively upon stationary rails or tracks; Provided, That solely for the purpose of Article X of this act, *a bicycle . . . or any other device moving upon wheels on a public highway . . . shall be deemed a vehicle.*"* (Emphasis supplied.)

In addition to the above statute, the courts have interpreted the word "vehicle" as being inclusive of a "bicycle" since the start of this century. See, Rowland v. Wanamaker, 193 Pa. 598, 44 Atl. 918 (1899); Sloskey v. Wood, 41 Westmoreland 243, 73 York 151 (1959); Rice v. Bauer, 32 Northamp. 47 (1947); Lopo v. McFadden, 39 Luz. 279 (1947); Corter v. Hanna, 32 Del. Co. 13 (1942).

The exact charge given by the trial judge on this issue was as follows:

"Members of the Jury, every person riding a bicycle upon a roadway shall be granted all the rights and shall be subject to all of the duties applicable to the driver of a vehicle. The duty of a bicycle rider is like that of any other vehicle driver, to keep the machine under such control that he can stop or turn at will, and a minor operator of teen age is deemed capable of appreciating the dangers incident to street travel."

---

*Article X of The Vehicle Code referred to the operation of vehicles and the rules of the road, including the duties attendant to a vehicle at a stop intersection.

This court finds the foregoing instruction to be a correct statement of the law in existence at the time of the subject accident. Contrary to plaintiff-counsel's contention, the trial judge did not refer to the above instruction as a "statute" and this court knows of no authority which holds contrary to the cases cited above. As a result of the foregoing, the second issue raised by plaintiffs is deemed to be without merit and said issue is dismissed.

The third issue raised by plaintiffs is whether or not the trial judge erred in instructing the jury that if the operator of a bicycle goes through a stop sign without stopping, it may be considered negligence as a matter of law. Counsel for plaintiffs contends that the trial judge read the provisions of 75 Pa.C.S.A. §3323 on the above issue, which provisions did not become effective until July 1, 1977, or some three months after the date of the subject accident. As a result, plaintiffs claim that they are entitled to a new trial.

The actual instruction which the trial judge delivered to the jury on this issue is as follows:

"The law provides that every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, or if none, before entering a crosswalk on a near side of the intersection, or if none, then at the point nearest the intersecting roadway where the driver has the view of approaching traffic on an intersecting roadway before entering. After having stopped, the driver shall yield the right of way to any vehicle in the intersection or approaching on another roadway so closely as to constitute a hazard during the time when the driver is moving across or within the intersection or junction of roadway."

"If you believe that Charles McNeil, Jr., the minor-plaintiff, did, in fact, go through the stop sign without stopping, then you may find that the minor-plaintiff was in violation of the provisions of the Motor Vehicle Code previously read to you and negligent as a matter of law."

In fact, the wording of the instruction set forth above was derived from 75 Pa.C.S.A. §3323 and, admittedly, said section was not to become effective until July 1, 1977. As a result, reference must be made to the wording of the statute in actual effect on the date of the accident. Said statute, 75 P.S. §1016, provided:

"(a)  It shall be unlawful for the driver or operator of any vehicle . . . before entering a through highway, to fail to come to a full stop, within a reasonable distance, before entering the intersection on such through highway, when an official 'STOP' sign or signs have been erected . . .

"(b)  It shall be unlawful for the driver or operator of any vehicle . . . before entering a stop intersection to fail to come to a full stop, within a reasonable distance, before entering the intersection, when an official 'STOP' sign or signs have been erected. . . ."

Section 1014 of the code in existence at the time of the accident, 75 P.S. §1014, provided, inter alia, as follows:

"(c) The driver of a vehicle entering a through highway or stop intersection . . . shall yield the right of way to all vehicles approaching in either direction on such through highway."

While it is obvious that the wording of the above statutes is slightly different, the spirit of the law and the principle enunciated is the same. The instruction which the trial judge actually gave the

jury imposed no prejudicial burden on plaintiffs. In the opinion of this court, the substance of the law was given correctly to the jury. Therefore, we dismiss the third issue raised by plaintiffs.

In light of all the foregoing, this court has entered an order bearing even date herewith dismissing plaintiffs' motion for a new trial.

## ORDER

And now, January 23, 1980, after consideration of briefs submitted by respective counsel before this court en banc, it is hereby ordered and decreed that plaintiffs' motion for a new trial be and the same is hereby dismissed.